UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASIBULLAH ABDALI,<br><br>            Plaintiff,<br><br>    v.<br><br>AGILITI SURGICAL, INC.;<br>UNIVERSAL HOSPITAL SERVICES,<br>INC.; RICHARD STEVENSON; and<br>DOES 1 through 50, inclusive,<br><br>            Defendants. | No.  2:19-cv-02362-JAM-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Hasibullah Abdali's ("Plaintiff") Motion to Remand.  Mot. to Remand ("Mot."), ECF Nos. 15, 16.  Agiliti Surgical, Inc. ("Agiliti") filed an opposition to Plaintiff's motion.  Opp'n, ECF No. 19.  Plaintiff did not file a reply.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Plaintiff's Motion to Remand.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 15, 2020.

1

I.   BACKGROUND

Plaintiff worked as a radiology technologist for Agiliti, a mobile lithotripsy services provider incorporated in Delaware with its principal place of business in Minnesota. Compl. ¶¶ 13-14, ECF No. 1-1; Notice of Removal ¶¶ 14-15, ECF No. 1. Richard Stevenson ("Stevenson"), a citizen of California, was Plaintiff's supervisor. Compl. ¶ 4; Mot. at 2. Plaintiff was repeatedly exposed to radiation when using radiological instruments at work. Compl. ¶ 16. Repeated exposure can cause significant health problems unless protective equipment is worn by those administering radiological services. Id. Plaintiff alleges Agiliti gave him inadequate protective equipment and refused to provide him with anything better. See Compl. ¶¶ 16, 17, 18, 19.

On August 5, 2019, Plaintiff filed a lawsuit against Agiliti, Universal Hospital Services, Inc. ("Universal"), and Stevenson in Sacramento Superior Court. Plaintiff claimed Agiliti, Universal, and Stevenson engaged in unfair business practices in violation of various provisions of the California Business & Professions Code § 17200, et seq. See Compl. ¶¶ 25-34. Plaintiff also claimed Agiliti and Universal violated the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(h), by retaliating, and failing to prevent retaliation, against him. See Compl. ¶¶ 35-48.

Agiliti received a copy of Plaintiff's complaint on September 16, 2019. Richardson Decl. ¶ 3, ECF No. 1-2. Agiliti discovered the case was removable and filed a timely notice of removal on November 21, 2019. See Notice of Removal ¶ 7; see also 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a). The notice

2

invoked the Court's diversity jurisdiction, arguing (1) the Court should dismiss Stevenson as fraudulently joined; and (2) the amount in controversy exceeds $ 75,000.  Notice of Removal ¶¶ 22-58.  In response, Plaintiff filed this motion to remand.  See Mot.

## II.  OPINION

### A.  Legal Standard

For a defendant to remove a civil case from state court, he must prove the federal court has original jurisdiction over the suit.  28 U.S.C. § 1441.  A federal court may exercise jurisdiction over a case involving purely state law claims when there is complete diversity between the parties and an amount in controversy exceeding $ 75,000.  28 U.S.C. § 1332(a).  To satisfy Section 1332's diversity requirement, no plaintiff may be a citizen of the same state as any defendant.  Id.  When a case is removed on the basis diversity jurisdiction, no defendant may be a citizen of the state where Plaintiff brought the suit.  28 U.S.C. § 1441(b)(2).

A court will dismiss a fraudulently-joined defendant and disregard its citizenship when determining whether the parties are diverse.  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1986).  A joinder is fraudulent when (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court.  Id.  Courts do not often find joinder fraudulent—the burden of persuasion is high and rests squarely on defendants' shoulders.  Grancare, LLC v. Thrower by

3

and through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  A court resolves "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor." Warner v. Select Portfolio Servicint, et al., 193 F. Supp. 3d 1132, 1135 (C.D. Cal. 2016).  After which, it must "appear to near certainty" that joinder was fraudulent.  Diaz v. Allstate Insur. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998).

When a defendant adopts the second approach to showing fraudulent joinder, he must prove plaintiff "fail[ed] to state a cause of action against a resident defendant . . . [that] is obvious according to the settled rules of the state."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043-44 (9th Cir. 2008). Courts do not take this obviousness requirement lightly.  If there is even a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," a federal court "must find the defendant properly joined and remand the case to state court."  Grancare, LLC, 889 F.3d at 549 (emphasis and modification in original) (internal quotation marks and citation omitted).  In making this determination, "the district court must consider whether a deficiency in the complaint can possibly be cured by granting plaintiff leave to amend."  Id.

    B.    Analysis

Plaintiff's only claim against Stevenson is for violations of California's unfair competition law, Cal. Bus. & Prof. Code § 17200, et seq.  Compl. ¶¶ 25-34.  Agiliti contends this claim obviously fails because the complaint is devoid of any facts identifying the allegedly wrongful acts or unlawful conduct

4

specifically attributable to Stevenson.  Notice of Removal ¶¶ 25-30.  California Business & Professional Code § 17200 provides: "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertisement."  Cal. Bus. & Prof. Code § 17200.

To bring an unfair competition claim against an individual defendant, the plaintiff must identify the defendant's allegedly wrongful acts.  See Morfin v. Accredited Home Lenders, Inc., Case No. 09-CV-792, 2010 WL 391838 at *7 (S.D. Cal. 2010).  And "a defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section[] 17200 . . . ."  Emery v. Visa Internat. Service Ass'n, 95 Cal.App.4th 952, 960 (2002) (internal quotation marks and citation omitted).  "The concept of vicarious liability has no application to actions brought under the unfair business practices act."  Id. (quoting People v. Toomey, 157 Cal.App.3d 1, 14 (1984)).

The only facts alleged in Plaintiff's complaint involving Stevenson are that (1) Stevenson laughed at Plaintiff when he asked for protective eyeglasses; and (2) Agiliti retaliated against Plaintiff after he complained to Stevenson about his health and safety concerns.  See Compl. ¶¶ 18, 23, 37.  Neither of these allegations establish an unfair competition claim against Stevenson as an individual defendant.  They fail to suggest Stevenson personally participated in the alleged unlawful practices or had unbridled control over any such

practices.  These allegations likewise do not suggest Plaintiff has a claim to recover money or property taken from him by Stevenson through unfair or unlawful business practices.  <u>Manser v. Sierra Foothills Public Utility Dist.</u>, Case No. 08-CV-1250, 2008 WL 5114619 at *8 (E.D. Cal. 2008) (An action under California's unfair competition law is "an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff through unfair or unlawful business practices").  Thus, Plaintiff has failed to state a claim against Stevenson under California law.

Moreover, notably absent from Plaintiff's motion is any argument to the contrary.  Plaintiff failed to respond to Agiliti's opposition to this motion to remand including Agiliti's contention that Stevenson is fraudulently joined.  Therefore, it appears that Plaintiff has conceded the point by silence.  <u>See</u> <u>Ardente, Inc. v. Shanley</u>, Case No. 07-CV-4479-MHP, 2010 WL 546485 at *6 (N.D. Cal. 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."); <u>see also</u> E.D. Cal. L.R. 230(c).  This silent concession confirms that a state court could not possibly find that the complaint states a claim against Stevenson or that the deficiencies in the complaint could be cured by amendment.  <u>See Grancare, LLC</u>, 889 F.3d at 549.  As a result, the Court finds that Stevenson is a fraudulently-joined defendant.

Plaintiff's motion to remand is instead made on the grounds that Cynthia Cabrera, a California resident and another one of Plaintiff's former supervisors, defamed him.  <u>See</u> Mot. at 2-4.  Cabrera is not a defendant in this case.  The possibility that

Plaintiff will request joinder of a non-diverse party at some point in the future is not a basis for remand.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) ("28 U.S.C. § 1447(e) provides that [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."). Plaintiff's request to have this Court consider Ms. Cabrera as a defendant (without first filing a properly noticed joinder motion) is an apparent ploy to defeat diversity jurisdiction which must be denied.

### III.   ORDER

For the reasons set forth above, the Court dismisses Richard Stevenson as fraudulently joined.  As a result, the Court retains subject-matter jurisdiction over this case and Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: September 21, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE